G. R. Livingstone v. Commissioner.
Livingstone v. Commissioner
Docket No. 1405-70 SC.
United States Tax Court
T.C. Memo 1970-285; 1970 Tax Ct. Memo LEXIS 74; 29 T.C.M. (CCH) 1334; T.C.M. (RIA) 70285; October 6, 1970, Filed G. R. Livingstone, pro se., 5512 N.W. 37th, Oklahoma City, Okla. G. Phil Harney, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1967 in the amount of $181.85. The only question to be decided is whether petitioner qualifies for head-of-household status under section 1(b)(2), I.R.C. 1954, for the year 1967. At the time the petition was filed petitioner was a resident of Oklahoma City, Oklahoma. His Federal income tax return for 1967 was filed with the district director of internal revenue, Oklahoma City, Oklahoma. During the early part of 1967 petitioner and his former wife lived in a home maintained by his wife. They had three children. *75 In February the couple separated. The children remained with the wife and other relatives in homes maintained by them. In April petitioner and his wife were divorced. The divorce court granted care and custody of the children to the former wife. They remained in her care and custody until December 1967 when another decree granted custody to petitioner. During the interim petitioner furnished support for the children, had a right of visitation, and had the children with him from time to time including a two-week period in the summer. Petitioner claimed the children as dependents for the year 1967. The governing section of the Code is section 1(b)(2)(A). [1]
The cited statutory provision specifically *76 provides that "if, and only if," petitioner maintains as his home a household which constitutes for the years at issue, "the principal place of abode, as a member of such household, of" his dependent children, is he entitled to compute his tax as head-of-household. The evidence is insufficient to establish that petitioner maintained a household during 1967 which was the principal place of abode for his children. We gather from his testimony that his attitude toward them and his treatment of them was admirable and we could infer that their mother was less than an ideal mother. Nonetheless she and other relatives did maintain homes where the children had their principal place of abode during 1967 except for visitaton rights and two weeks in the summer which they spent with petitioner. It was not until December 1967 that petitioner regained custody of them. This is not enough to entitle petitioner to head-of-household status. Decision will be entered for the respondent. 1335 Footnotes
1. SEC. 1(b)(2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b), and either - (A) Maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, * * * daughter, * * * of the taxpayer * * *.↩